IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

American Equity Investment Life,
Insurance Company,

Case No: 2:14-cv-1693

        Plaintiff,

Judge Graham

    v.

Cassandra James, *et al.*,

        Defendants.

Opinion and Order

Plaintiff American Equity Investment Life Insurance Company brought this interpleader action under 28 U.S.C. §1335 to determine the rights to proceeds from the death benefits of two annuity policies. American Equity has deposited the policy proceeds, which total $81,976.77, with the Clerk of Court and is no longer a party to the action.

The complaint identifies seven potential claimants to the proceeds – each of whom were either children or grandchildren of the decedent. This matter is before the court on the unopposed motion of defendant Cassandra James for summary judgment.

**I.      Background**

On February 1, 2011, American Equity issued a fixed indexed annuity policy, Policy Number 859931. The policy designated Carol Lumley as the Owner and Annuitant. On February 17, 2011, American Equity issued a second fixed indexed annuity policy, Policy Number 863491, with Carol Lumley as the Owner and Annuitant. Both policies designated Carol Lumley's son, Curtis Lumley, and her grandsons, Corey Lumley and Taylor Lumley, as beneficiaries with respective interests of 80%, 10% and 10% in the policies' death benefits.

On April 15, 2014, Carol Lumley executed a Change of Beneficiary Form for each policy. These forms designated Carol Lumley's daughter, Cassandra James, as the sole beneficiary under both policies. (Doc. #1-3).

On May 3, 2014, Carol Lumley passed away. According to the complaint, on May 14, 2014 American Equity was contacted by Curtis Lumley and the decedent's other children, Cherlynn

Lumley, Crystal Joseph and Cynthia Gless. These individuals claimed to be the decedent's heirs and disputed the validity of the April 15, 2014 beneficiary designation.

On May 27, 2014, Cassandra James executed a Beneficiary Claim Form with respect to both policies. (Doc. #1-4). American Equity received the Beneficiary Claim Forms on May 30, 2014.

American Equity filed this interpleader suit on September 23, 2014, naming as defendants Carol Lumley's five children (Cassandra James, Curtis Lumley, Cherlynn Lumley, Crystal Joseph and Cynthia Gless) and two grandsons (Corey Lumley and Taylor Lumley). The two grandsons filed a statement with the court in which they denied any claim to the death benefits; without objection, the court dismissed them from the lawsuit.

Proceeding *pro se*, Curtis Lumley, Cherlynn Lumley, Crystal Joseph and Cynthia Gless each filed documents that the court has deemed as answers to the complaint. These answers contain similar narratives to the following effect: in late 2013, Carol Lumley became very ill and in need of hospitalization near her residence in Trumbull County, Ohio. Carol had granted a medical power of attorney to her son Curtis,[1] and he decided in early January 2014 to place her in a nursing home facility in Trumbull County.[2] Carol remained in a nursing home until late January or early February 2014, when Curtis decided to move her to Columbus, where four of her children and one grandson lived. Curtis had been residing in Columbus with his sister Cassandra, and they moved their mother into Cassandra's home. By March 2014, Curtis and Cassandra had what Curtis described as a "falling out . . . about my mother[']s care and my concerns of Cassandra's treatment of her." (Doc. #28 at PAGEID 202). Cassandra kicked Curtis out of the house and had the door locks changed.[3] In late March, "Cassandra had all of Curtis's [powers of attorney] revoked." (Doc. #14 at PAGEID 144). Cassandra allegedly isolated her mother from the rest of the family and did not communicate with them about her health status. Carol was placed in hospice care in Columbus in late April 2014 and died on May 3.

[1] According to Curtis, his mother did not have a close relationship with her other children and had "concerns" about their motives. (Doc. #18 at PAGEID 174).

[2] According to Cherlynn, "None of the decisions being made by Curtis were discussed with any of the four remaining children or grandchildren nor even communicated." (Doc. #15 at PAGEID 150).

[3] According to Cynthia, there was "a struggle between Curtis and Cassandra" over financial issues. (Doc. #14 at PAGEID 144). According to Cherlynn, "a lot of the motivations on decisions made on my mother[']s behalf by Curtis and Cassandra" were based on financial considerations. (Doc. #15 at PAGEID 151).

After all parties had an opportunity to conduct discovery, Cassandra James moved for summary judgment on November 15, 2016.  The motion argues that Carol Lumley had the right to change the beneficiaries of the policies and that she followed the proper procedure for doing so when she named Cassandra as the beneficiary.  Attached to the motion is the affidavit of attorney Kingston E. Malley, Jr., who assisted Carol in executing the Change of Beneficiary Forms.  According to Mr. Malley, Carol was mentally competent and was not under undue influence at the time she signed the forms.  (Doc. #44-1 at PAGID 280).  The motion for summary judgment also argues that Cassandra properly and timely filed Beneficiary Claim Forms with American Equity as to both policies and that the only other potential claimants – Curtis and the two grandsons – did not do so.

No response to the motion for summary judgment has been filed.

## II.    Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is proper if the evidentiary materials in the record show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Longaberger Co. v. Kolt, 586 F.3d 459, 465 (6th Cir. 2009).  The moving party bears the burden of proving the absence of genuine issues of material fact and its entitlement to judgment as a matter of law, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case on which it would bear the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Walton v. Ford Motor Co., 424 F.3d 481, 485 (6th Cir. 2005).

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original); see also Longaberger, 586 F.3d at 465.  "Only disputed material facts, those 'that might affect the outcome of the suit under the governing law,' will preclude summary judgment."  Daugherty v. Sajar Plastics, Inc., 544 F.3d 696, 702 (6th Cir. 2008) (quoting Anderson, 477 U.S. at 248).  Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts."  Moore v. Philip Morris Cos., Inc., 8 F.3d 335, 340 (6th Cir. 1993).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations.  Daugherty, 544 F.3d at 702; Adams v. Metiva, 31 F.3d 375, 379

(6th Cir. 1994). Rather, in reviewing a motion for summary judgment, a court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52. The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Eastman Kodak Co. v. Image Technical Servs., Inc., 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252; see Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009).

## III.    Discussion

Both annuity policies, which are attached to the complaint, provided that the Owner could change a Beneficiary in writing while the Annuitant was alive. (Doc. #1-1 at PAGEID 21, 29; Doc. #1-2 at PAGEID 65, 73). Carol Lumley executed a Change of Beneficiary Form for each of the policies on April 15, 2014. Both Forms designated Cassandra as the sole beneficiary. No party argues that there are any deficiencies on the face of the forms, such as they were not properly or timely completed.

The answers of Curtis Lumley, Cherlynn Lumley, Crystal Joseph and Cynthia Gless state that Cassandra had isolated her mother from them after she kicked Curtis out of her house. They suggest that Cassandra manipulated her mother into designating her as the beneficiary of the policies.

In Ohio, estate planning instruments may be rescinded on the grounds that they were the product of undue influence. A party is unduly influenced by another when she is restrained from disposing of her property in accordance with her own wishes and instead substitutes the wishes of another. West v. Henry, 173 Ohio St. 498, 501, 184 N.E.2d 200, 202 (Ohio 1962). "[U]ndue influence invalidating a will is that which substitutes the wishes of another for those of the testator. . . . It must be such as to control the mental operations of the testator in the making of his will, overcome his power of resistance, and oblige him to make a disposition of his property which he would not have made if left to act freely according to his own wishes and pleasure." Id. (internal quotation marks omitted). "General influence, however strong or controlling is not undue influence

unless brought to bear directly upon the act of making the will." Id.  The burden of proof rests upon the contestant claiming undue influence. Id., 173 Ohio St. at 502, 184 N.E.2d 202-03.

In support of her motion for summary judgment, Cassandra James has submitted two affidavits.  The first is from Mr. Malley, the attorney who assisted her mother in executing the Change of Beneficiary Forms.  He states that he asked several questions of Carol Lumley and confirmed that the decision to change beneficiaries was her own and was in accordance with her wishes and intentions for her finances and estate planning.  (Doc. #44-1 at PAGEID 279).  The second affidavit is from Mr. Malley's legal assistant, who states that she witnessed Mr. Malley ask those questions of Carol Lumley and heard her answer that the change was in accord with her wishes.  (Doc. #44-1 at PAGEID 281).

The court finds that there is not a genuine issue of fact regarding undue influence.  Despite having an opportunity to conduct discovery on this issue, no party has submitted any evidence to counter the evidence submitted by Cassandra James.  Even if the answers of the other siblings were to be treated as declarations,[4] none of the them contain sufficient facts from which a jury could reasonably find that Cassandra exerted undue influence on her mother in causing her to change the beneficiary for the annuity policies.  The answers, for example, do not include facts about decedent's wishes regarding the annuities, her soundness of mind, physical state or susceptibility to influence, nor do they contain facts showing that Cassandra actually exerted influence on her mother at that time.

The policies required that the beneficiary submit a Beneficiary Claim Form choosing a settlement option within sixty days of the death of the Annuitant, which Cassandra undisputedly did.  (Doc. #1-1 at PAGEID 29; Doc. #1-2 at PAGEID 73).  Under the terms of the policies, Cassandra James, as the sole beneficiary, is entitled to receive payment of the full amount of the death benefits.

Finally, the court notes that the answers reflect a mistaken impression that this court has jurisdiction over the decedent's estate.  For instance, mention is made of the decedent's will and the court is requested to evenly distribute all of the estate's assets, including real property, among the siblings (excluding Cassandra).  This court does not have authority to do so; rather, the court's jurisdiction under 28 U.S.C. §1335 is limited to determining who is entitled to the death benefits of the two annuity policies.

---

[4] Three of the answers are signed and sworn as true under the penalty of perjury.

**IV.     Conclusion**

Accordingly, the motion for summary judgment of Cassandra James (doc. #44) is GRANTED.  The Clerk of Court is instructed to pay to Cassandra James, though her legal counsel, the policy proceeds deposited by American Equity ($81,976.77) and shall compute interest and Clerk fees in accordance with Local Civil Rule 77.2.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 25, 2017